IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-486-D
No. 5:23-CV-26-D

BROOKS PRENTICE LESANE,            )
                                   )
                    Petitioner,    )
                                   )
        v.                         )         **ORDER**
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                    Respondent.    )

On January 12, 2023, Brooks Prentice Lesane ("Lesane" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 156-month sentence [D.E. 45] and filed a memorandum in support requesting counsel [D.E. 47]. On July 31, 2023, the government moved to dismiss [D.E. 56] and filed a memorandum in support [D.E. 57]. On August 1, 2023, the court notified Lesane of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 58]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On August 17, 2023, Lesane responded in opposition [D.E. 59]. On September 18, 2023, Lesane again requested counsel [D.E. 61]. As explained below, the court grants the government's motion to dismiss, dismisses Lesane's motion to vacate, and denies Lesane's requests for appointment of counsel.

I.

On March 16, 2020, pursuant to a plea agreement, Lesane pleaded guilty to possession with intent to distribute a quantity of marijuana, a quantity of cocaine, a quantity of cocaine base (crack), and a quantity of heroin (count one) and possession of a firearm by a felon (count three). See [D.E.

22, 23, 40]. On June 18, 2020, the court held Lesane's sentencing hearing. See [D.E. 32, 41]. The court adopted the facts as set forth in the Presentence Investigation Report ("PSR") and resolved Lesane's objections. See Sent. Tr. [D.E. 41] 4–10; Fed. R. Crim. P. 32(i)(3)(A)–(B). Lesane's counsel argued that Lesane's North Carolina conviction of assault by strangulation was not categorically a crime of violence; therefore, Lesane did not qualify as a career offender. See Sent. Tr. 6; PSR ¶¶ 21, 31, 77. The court held that assault by strangulation qualified as a crime of violence and Lesane qualified as a career offender. See Sent. Tr. 8–10. The court calculated Lesane's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 151 to 188 months' imprisonment on count one and the statutory maximum 120 months' imprisonment on count three. See id. at 10. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Lesane to 156 months' imprisonment on count one and 120 months' concurrent imprisonment on count three. See id. at 18–27; [D.E. 34] 2.

On July 2, 2020, Lesane appealed. See [D.E. 36]. On January 18, 2022, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in the plea agreement and dismissed Lesane's appeal. See [D.E. 42, 43]. Lesane did not seek review in the Supreme Court.

On January 12, 2023, Lesane moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 156-month sentence [D.E. 45]. In Lesane's memorandum, he argues that (1) prosecutorial misconduct occurred when the government failed to inform Lesane or his counsel about an investigation into certain Raleigh Police Department officers, (2) his trial counsel was ineffective by failing to challenge a trash pull that Raleigh police conducted at Lesane's residence and the resulting search warrant, and (3) his guilty plea was not knowing and voluntary. See [D.E. 47] 2–7. The government moves to dismiss Lesane's motion for failure to state a claim upon which

2

relief can be granted. See [D.E. 56].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a petition's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The collateral-attack waiver in Lesane's plea agreement bars his claim of prosecutorial misconduct. In his plea agreement, Lesane agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C.

3

> § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

[D.E. 23] ¶ 2(c). In light of Lesane's Rule 11 proceeding, the collateral-attack waiver in the plea agreement is enforceable. See [D.E. 40]; [D.E. 42] 1–2; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam), abrogated in part on other grounds by Johnson v. United States, 576 U.S. 591 (2015); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Lesane alleges he knew the basis of his prosecutorial misconduct claim when he pleaded guilty. See [D.E. 45] 5; [D.E. 47] 4–5; [D.E. 61] 1. Accordingly, the waiver bars the prosecutorial misconduct claim.

As for Lesane's involuntary plea claim, Lesane cannot relitigate "issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993). "Issues previously decided on direct appeal cannot be recast in the form of a section 2255 motion in the absence of a favorable, intervening change in the law." Reese v. United States, No. 7:08-CR-34, 2014 WL 253440, at *12 (E.D.N.C. Jan. 23, 2014) (unpublished), appeal dismissed, 570 F. App'x 287 (4th Cir. 2014) (unpublished); see Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Walker, 299 F. App'x 273, 276 (4th Cir. 2008) (per curiam) (unpublished); United

4

States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). On direct appeal, the Fourth Circuit concluded that Lesane knowingly and voluntarily pleaded guilty. See [D.E. 42] 1–2. Lesane has not plausibly alleged any new facts challenging his knowledge when he pleaded guilty. See [D.E. 47] 4–5, 7 (noting Lesane wanted to challenge the trash pull before he pleaded guilty because "the evidence ... found in [Lesane's] trash can must have been planted"); [D.E. 61] 1. Accordingly, Lesane is barred from relitigating the voluntariness of his guilty plea.

Alternatively, Lesane did not raise his prosecutorial misconduct and involuntary plea claims on direct appeal. Thus, the general rule of procedural default bars Lesane from bringing these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001), abrogated on other grounds by Clay v. United States, 537 U.S. 522 (2003). Moreover, Lesane has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, Lesane has procedurally defaulted these claims.

Alternatively, Lesane's prosecutorial misconduct claim fails on the merits. Lesane contends that prosecutorial misconduct occurred because he "was never informed ... of the investigation into [Raleigh police officer Omar] Abdullah and his confidential informant or the potential corruption of the officers involved in his case." [D.E. 45] 4. Lesane alleges that on October 28, 2021,

5

"Abdullah was fired after an investigation revealed he was paying an unreliable confidential informant . . . and planting fake heroin in drug cases," id., and this information was "critical impeachment evidence in [Lesane's] case." [D.E. 47] 4.

In assessing a prosecutorial misconduct claim, the court must determine "whether the conduct so infected the [proceeding] with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (quotation omitted). When a petitioner alleges a Brady violation, he must plausibly allege that (1) the "evidence at issue must be favorable to [him], either because it is exculpatory, or because it is impeaching;" (2) the "evidence must have been suppressed by the State, either willfully or inadvertently;" and (3) "prejudice must have ensued." Banks v. Dretke, 540 U.S. 668, 691 (2004) (quotation omitted); see Strickler v. Greene, 527 U.S. 263, 281–82 (1999); Juniper v. Zook, 876 F.3d 551, 564 (4th Cir. 2017); Wolfe v. Clarke, 691 F.3d 410, 420 (4th Cir. 2012); Walker v. Kelly, 589 F.3d 127, 137 (4th Cir. 2009). Impeaching evidence is evidence that could be used to impeach "the Government's witness by showing bias or interest." United States v. Bagley, 473 U.S. 667, 676 (1985); see, e.g., Giglio v. United States, 405 U.S. 150, 154–55 (1972); United States v. Beckford, 962 F. Supp. 780, 788 (E.D. Va. 1997).

Lesane has not plausibly alleged how information concerning Abdullah could be used to impeach Raleigh police officer Rishar Monroe ("Monroe"), the officer who conducted the trash pull and obtained the search warrant Lesane challenges. See [D.E. 47] 2–5. Lesane does not plausibly allege Abdullah participated in the trash pull or the warrant application. See id.; [D.E. 45] 4. Moreover, Monroe was integral in bringing Abdullah's misconduct to light—which bolsters, not harms, Monroe's credibility. See, e.g., [D.E. 57-4]; [D.E. 57-5]; [D.E. 57-6] 4–5.

6

Lesane also has not plausibly alleged the government "suppressed" this evidence because the government is not required to turn over impeachment evidence before a defendant's guilty plea. See, e.g., United States v. Ruiz, 536 U.S. 622, 629–31, 633 (2002); United States v. Hampton, 750 F. App'x 196, 198–99 (4th Cir. 2018) (per curiam) (unpublished); United States v. Brown, 576 F. App'x 145, 148 (4th Cir. 2014) (per curiam) (unpublished); United States v. Moussaoui, 591 F.3d 263, 285–86 (4th Cir. 2010).

Lesane also has not plausibly alleged prejudice. Lesane alleges he knew "evidence from the trash pull had been planted," [D.E. 47] 4, but Lesane did not object at his Rule 11 hearing to the government's factual basis for Lesane's guilty plea, which included the trash pull and resulting search warrant. See Rule 11 Tr. [D.E. 40] 26–27. These facts belie Lesane's allegations that if he had "known of the officers' misconduct, he would not have pled guilty." [D.E. 45] 6. Accordingly, Lesane has not plausibly alleged prosecutorial misconduct. Thus, his claim fails.

Lesane's involuntary plea claim also fails on the merits. To challenge "a plea as involuntary, a defendant who was fully aware of the direct consequences of the plea must show that (1) some egregiously impermissible conduct (say, threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea and (2) the misconduct influenced his decision to plead guilty." United States v. Fisher, 711 F.3d 460, 465 (4th Cir. 2013) (quotations omitted). Vaguely alleging government misconduct does not suffice. See, e.g., Dyess, 730 F.3d at 359; United States v. Akhter, No. 1:15-CR-124, 2020 WL 4353560, at *7 (E.D. Va. July 29, 2020) (unpublished). Lesane offers only conclusory allegations of misconduct. See, e.g., [D.E. 45] 6; [D.E. 47] 7. Moreover, Lesane alleges he knew of the misconduct when he pleaded guilty,

7

but pleaded guilty anyway. See [D.E. 47] 4–5, 7; [D.E. 61] 1. Accordingly, Lesane has not plausibly alleged that his plea was unknowing or involuntary.

Lesane's reliance on Fisher is misplaced. See [D.E. 47] 7. In Fisher, the officer responsible for the investigation that led to the defendant's arrest and guilty plea later pleaded guilty himself to "having defrauded the justice system in connection with his duties as an officer." Fisher, 711 F.3d at 462. The officer specifically admitted "to having lied in his sworn affidavit that underpinned the search warrant for the defendant's residence and vehicle." Id. Lesane offers no such proof concerning Monroe in this case. Thus, his involuntary plea claim fails.

As for Lesane's ineffective assistance of counsel claim, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Lesane must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

8

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Lesane argues that his trial counsel was constitutionally ineffective by failing to "challenge the trash pull and resulting search warrant." [D.E. 45] 5. In Lesane's memorandum, Lesane explains that he told his counsel any evidence police found in his trash "must have been planted" but counsel did not challenge the trash pull or the warrant affidavit. [D.E. 47] 5–6.

Where an ineffectiveness claim is based on counsel's failure to file a motion to suppress, Strickland's "deficient performance prong" requires "that an unfiled motion would have had some substance." Grueninger v. Dir., Va. Dept. of Corr., 813 F.3d 517, 524–25 (4th Cir. 2016) (quotation omitted); see United States v. Pressley, 990 F.3d 383, 388 (4th Cir. 2021); Tice v. Johnson, 647 F.3d 87, 104 (4th Cir. 2011). "And the prejudice prong in such cases has two distinct components, with the petitioner required to show both (1) that the motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of the trial." Grueninger, 813 F.3d at 525; see Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Pressley, 990 F.3d at 388; Tice, 647 F.3d at 104.

9

As for whether a challenge to Monroe's search warrant would have had substance, a defendant challenging the validity of a warrant must make "a preliminary showing that: (1) the warrant affidavit contained a deliberate falsehood or statement made with reckless disregard for the truth and (2) without the allegedly false statement, the warrant affidavit [was] not sufficient to support a finding of probable cause." Brown, 576 F. App'x at 147 (quotation omitted); see United States v. Moody, 931 F.3d 366, 370 (4th Cir. 2019); Fisher, 711 F.3d at 468. "The first required showing, of falsity, cannot be conclusory and must rest on affidavits or other evidence." Moody, 931 F.3d at 370; see Franks v. Delaware, 438 U.S. 154, 171 (1978); United States v. Clenney, 631 F.3d 658, 663 (4th Cir. 2011). A defendant's "bare allegations" do not suffice. United States v. Chandia, 514 F.3d 365, 373 (4th Cir. 2008); see Franks, 438 U.S. at 171.

Lesane offers only bare allegations that Monroe "blatantly misrepresented the facts surrounding the trash pull." [D.E. 47] 7. Lesane's offer of proof concerns Abdullah, not Monroe. See, e.g., [D.E. 45] 4; [D.E. 47] 3. Without more, Lesane's challenge would have "set up a swearing contest" between himself and Monroe, which does not justify a Franks hearing. Anderson v. United States, 762 F.3d 787, 793 (8th Cir. 2014) (quotation omitted). The Sixth Amendment does not require counsel to file meritless motions. See Knowles v. Mirzayance, 556 U.S. 111, 123 (2009); United States v. McDonald, 723 F.2d 1288, 1297 (7th Cir. 1983) ("Counsel cannot be expected to request a Franks hearing when the evidence presented is insufficient to warrant such a hearing."). Accordingly, Lesane has not plausibly alleged his counsel was deficient by failing to challenge the trash pull and search warrant. For the same reasons, Lesane has not plausibly alleged facts satisfying Strickland's prejudice prong. See Grueninger, 813 F.3d at 525 (noting for this kind of claim, "the

prejudice prong [requires a petitioner] to show ... that the motion was meritorious and likely would have been granted"). Thus, Lesane's ineffective assistance claim fails.

Lesane requests appointment of counsel. See [D.E. 47, 61]. Lesane is not entitled to a lawyer in this action. See, e.g., Ross v. Moffitt, 417 U.S. 600, 610–11 (1974). Thus, the court denies Lesane's requests.

After reviewing the claims presented in Lesane's motion, the court finds that reasonable jurists would not find the court's treatment of Lesane's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 56], DISMISSES petitioner's motion to vacate [D.E. 45], DENIES petitioner's requests for appointment of counsel [D.E. 45, 61], and DENIES a certificate of appealability.

SO ORDERED. This 31 day of October, 2023.

Dever<br>
JAMES C. DEVER III<br>
United States District Judge